UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNDA FAYE TRAYLOR,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. EDCV 14-1091 JC<br><br>MEMORANDUM OPINION |

## I.　SUMMARY

On June 4, 2014, plaintiff Lynda Faye Traylor ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; June 9, 2014 Case Management Order ¶ 5.

///
///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On September 22, 2011, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 15, 120). Plaintiff asserted that she became disabled on January 6, 2007, due to diabetes, chronic back pain, weak legs, numbness in the fingers of right and left hands, right thumb problems, right side rib pain, weak arms, arthritis, and carpal tunnel syndrome. (AR 15, 191). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on April 9, 2013. (AR 27-52).

On May 2, 2013, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 15-22). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease and arthritis (AR 17); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 17); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 404.1567(b)) with additional limitations[2] (AR 18); (4) plaintiff could perform her past relevant work as a childcare worker and case aide (AR 20); (5) alternatively, there are jobs

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

[2] The ALJ determined that plaintiff could (i) lift and/or carry 20 pounds occasionally and 10 pounds frequently; (ii) sit up to six hours in an eight-hour day; (iii) stand and walk up to six hours total in an eight-hour day; (iv) push and pull as much as lifting and carrying; and (v) frequently handle and finger. (AR 18).

that exist in significant numbers in the national economy that plaintiff could perform, specifically general cashier, housekeeping cleaner, and cafeteria attendant (AR 21); and (6) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 19).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

    (1)    Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

    (2)    Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

    (3)    Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R.

///

|   |     | Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. |
|---|-----|---|
|   | (4) | Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five. |
|   | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

**IV. DISCUSSION**

Plaintiff contends that a remand or reversal is required because the ALJ inadequately evaluated the credibility of her subjective complaints. (Plaintiff's Motion at 4-11). The Court disagrees.

**A. Pertinent Law**

An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment. Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)). "To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" Id. at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). The ALJ's credibility findings "must be

sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

To find a claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal contradictions in the claimant's statements and testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment). Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; Social Security Ruling[3] 96-7p. Although an ALJ may not disregard a claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in his or her credibility assessment. Burch, 400 F.3d at 681.

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner. Greger, 464 F.3d at 972. Accordingly, if the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (citation omitted).

**B.  Analysis**

First, the ALJ properly discounted the credibility of plaintiff's subjective complaints as inconsistent with evidence that plaintiff worked after her alleged

---

[3]Although they do not carry the "force of law," Social Security Rulings are binding on ALJs. See 20 C.F.R. § 402.35(b)(1); Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1224 (9th Cir. 2009) (citation and internal quotation marks omitted). Such rulings "reflect the official interpretation of the [Social Security Administration] and are entitled to some deference as long as they are consistent with the Social Security Act and regulations." Molina, 674 F.3d at 1113 n.5 (citations and internal quotation marks omitted); Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984) (discussing weight and function of Social Security rulings).

onset date. See, e.g., Orn, 495 F.3d at 639 ("[A claimant's] daily activities may be grounds for an adverse credibility finding 'if [the] claimant is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting.'") (citations omitted); Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("[I]f a claimant engages in numerous daily activities involving skills that could be transferred to the workplace, the ALJ may discredit the claimant's allegations upon making specific findings relating to those activities."). For example, as the ALJ noted, despite her alleged onset date of January 6, 2007, plaintiff reported that she engaged in substantial gainful activity in 2007 ($23,731.31 in earnings) and 2008 ($11,924.96 in earnings). (AR 17, 20) (citing Exhibit 10D at 2 [AR 170]; Exhibit 4E at 1 [AR 198]). Moreover, at the hearing, plaintiff testified that she had worked full time at a retirement home in 2010, and later worked part time from January to May 2011 doing "in-home care." (AR 18, 20, 32-33). Contrary to plaintiff's suggestion, the ALJ did not "completely discard [plaintiff's] claim." (Plaintiff's Motion at 8) (emphasis added). Instead, the ALJ reasonably concluded that plaintiff's ability to work (sometimes on a full-time basis) during the alleged period of disability was inconsistent with the alleged severity of plaintiff's subjective symptoms. See Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's testimony and actions cited as a clear and convincing reason for rejecting the claimant's testimony). To the extent plaintiff suggests that her multiple months of employment during her alleged period of disability is not probative of lack of credibility, the Court will not second guess the ALJ's reasonable determination to the contrary, even if such evidence could give rise to inferences more favorable to plaintiff. Rollins, 261 F.3d at 857 (citation omitted).

Second, the ALJ properly discredited plaintiff's subjective complaints, in part, due to internal conflicts within plaintiff's own statements and testimony. See Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended

1  (1997) (in weighing plaintiff's credibility, ALJ may consider "inconsistencies
2  either in [plaintiff's] testimony or between his testimony and his conduct"); see
3  also Fair, 885 F.2d at 604 n.5 (ALJ can reject pain testimony based on
4  contradictions in plaintiff's testimony).  For example, as the ALJ noted, contrary
5  to plaintiff's claim that she was disabled, in part, due to diabetes, plaintiff told the
6  state-agency examining physician that her diabetes had been "treated and
7  controlled" for five years.  (AR 19-20; compare AR 191 with AR 368).

8       Finally, the ALJ properly discredited plaintiff's subjective symptom
9  testimony due, in part, to the absence of supporting objective medical evidence.
10 Burch, 400 F.3d at 681; Rollins, 261 F.3d at 857 ("While subjective pain
11 testimony cannot be rejected on the sole ground that it is not fully corroborated by
12 objective medical evidence, the medical evidence is still a relevant factor in
13 determining the severity of the claimant's pain and its disabling effects.") (citation
14 omitted).  For example, as the ALJ noted, despite plaintiff's complaints of
15 numbness in her fingers, plaintiff admitted, and the medical evidence reflects, that
16 plaintiff's diabetes was stable with medication.  (AR 19-20, 368) (citing Exhibit
17 2F at 5, 14, 25, 32, 40, 54, 63 [AR 291, 300, 311, 318, 326, 340, 349]; Exhibit 7F
18 at 16, 25 [AR 437, 446]); see, e.g., Warre v. Commissioner of Social Security
19 Administration, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be
20 controlled effectively with medication are not disabling for the purpose of
21 determining eligibility for SSI benefits.") (citations omitted).  As the ALJ also
22 noted, both the state-agency examining physician and the medical consultant
23 found plaintiff able to do light work, which was consistent with the examining
24 physician's independent examination of plaintiff and plaintiff's medical records as
25 a whole.  (AR 19-20; AR 368-73 [state-agency examining physician]; AR 375-82
26 [state-agency reviewing physician]) (citing Exhibit 1F at 16, 21, 29-30, 50-52 [AR
27 ///
28 ///

248, 253, 261-62, 282-84]; Exhibit 2F at 9, 29 [AR 295, 315]; Exhibit 7F at 9, 11-12 [AR 430, 432-33]).

Accordingly, a remand or reversal on this basis is not warranted.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 28, 2014

                                                      /s/
                                  Honorable Jacqueline Chooljian
                                  UNITED STATES MAGISTRATE JUDGE